UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ESSEX PORTFOLIO LP,<br><br>    Defendant. | Case No. 21-cv-02756-JSC<br><br>**ORDER DISMISSING STEADFAST'S DECLARATORY JUDGMENT CLAIM**<br><br>Re: Dkt. No. 22 |

Steadfast initiated this insurance dispute, seeking a declaratory judgment that coverage is precluded.[1] (Dkt. No. 1.)[2] Essex counterclaimed for breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 8.) The Court dismissed Essex's counterclaim without prejudice as unripe and ordered Steadfast to show cause as to why its declaratory judgment claim should not be dismissed without prejudice for related reasons. (Dkt. No. 21.) Now before the Court are Steadfast's show cause briefing and Essex's response. (Dkt. Nos. 22, 24.)

"[T]he question of ripeness goes to our subject matter jurisdiction to hear the case." *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1116 (9th Cir. 2015) (citation omitted). With respect to claims under the Declaratory Judgment Act, "Article III requires that there be a substantial controversy . . . *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991) (internal quotation

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

marks and citation omitted). "[T]he District Court is without power to grant declaratory relief unless such a controversy exists." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941). Even if such a controversy does exist, "the district court has discretion to determine whether maintaining jurisdiction over the declaratory action would be appropriate" given considerations of "judicial economy, comity and federalism." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011).

Steadfast contends that its claim is of sufficient immediacy and reality because a declaratory judgment "will provide clarity regarding [] duties and obligations, will inform Essex regarding the coverage available for its claims against the design professionals, and may facilitate settlement of the Underlying Action." (Dkt. No. 22 at 2.) None of these reasons demonstrates a ripe controversy.

First, because only the duty to indemnify is at issue, a declaratory judgment would clarify only speculative duties and obligations. *Cf. Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (finding subject matter jurisdiction over declaratory judgment claim where insurer would have a present duty to defend insured). As the Court explained in dismissing Essex's counterclaim, Steadfast's duty to indemnify is speculative: Essex might lose its lawsuit against the design professionals, or it might win a judgment that can be fully satisfied by the design professionals' own insurance without triggering the insurance Essex bought from Steadfast. As such, the scope of coverage is not of sufficient immediacy and reality to present a live case or controversy. *See Aydin Corp.*, 940 F.2d at 528 ("The future existence and enforcement in the United States of an Indian [arbitration] award against Aydin is speculative. Aydin may prevail in the Indian arbitration, leaving no award to enforce. Even if India prevails in the arbitration, it may be content to stand pat with its Indian judgment." (citation omitted)). *Cf. Progressive Choice Ins. Co. v. Melling*, No. CV 11–06477 MMM (FFMx), 2012 WL 13012444, at *4–5 (C.D. Cal. Feb. 3, 2012) (finding case ripe because there was an "extremely high" "practical likelihood" that the asserted coverage dispute would arise); *Mitsui Sumitomo Ins. Co. of Am. v. Delicato Vineyards*, No. CIV. S-06-2891 FCD GGH, 2007 WL 1378025, at *4–5 (E.D. Cal. May 10, 2007) (finding case ripe where insurer had a "real and reasonable apprehension" that insured would file suit

2

demanding "immediate" payment).

Second, although a declaratory judgment might helpfully inform Essex about the scope of coverage, that does not create ripeness. "Practical usefulness to litigants or not, the Constitution confines the power of the federal courts to issue declaratory judgments to disputes that are sufficiently immediate and real." *Aydin Corp.*, 940 F.2d at 529. Third and finally, the chance that a declaratory judgment claim will facilitate settlement does not confer ripeness. *See id.*

Steadfast's other cited cases are distinguishable. In *Maryland Casualty*, the duty to defend was at issue in addition to the duty to indemnify. 312 U.S. at 271. Moreover, the litigation posture presented a risk that "opposite interpretations of the policy might be announced by the federal and state court," increasing the immediacy and reality of the dispute. *Id.* at 274. Not so here. The California court adjudicating the underlying suit is unlikely to have occasion to interpret the policy between Essex and Steadfast; if it does, its interpretation will bind this Court.

In *Eureka Federal Savings*, the record showed that settlement was impossible without a declaratory judgment. *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231–32 (9th Cir. 1989). The insured had made a formal settlement demand in the underlying action, but the insurer refused to consider the demand because it was incompatible with the insurer's interpretation of the policy limits. The insurer's "settlement posture thus indicates . . . that a settlement cannot be achieved in [the underlying action] without a resolution in this case of the limits of liability coverage." *Id.* at 232. Here, the record says nothing about settlement efforts in the underlying action. (*See* Dkt. No. 21 at 5.) As such, the current dispute is not comparable to *Eureka Federal Savings*. *See Md. Cas. Co.*, 312 U.S. at 273 ("The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree . . . .").

In sum, the dispute as to whether Steadfast would have a duty to indemnify Essex's loss in litigation with the design professionals is not of sufficient immediacy and reality to present a ripe case. The Court lacks subject matter jurisdiction over this unripe dispute.

## CONCLUSION

Steadfast's declaratory judgment claim is DISMISSED without prejudice as unripe.

1     The Clerk shall close the file.

2     **IT IS SO ORDERED.**

3 Dated: October 7, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge